UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SAMUEL SHARI TERRELL, III : | |
|    Plaintiff, : | |
| : | |
| : | |
| v. : | C.A. No. 23-052WES |
| : | |
| ILLUMINATI, et al., : | |
|    Defendants. : | |

**REPORT AND RECOMMENDATION
RECOMMENDING SUMMARY DISMISSAL**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff Samuel Shari Terrell, III has filed a "complaint for a civil case" form with handwritten notes that reference as defendants "Charles Windsor" (apparently the current monarch of the United Kingdom), "Biden and Trump," "Asia" and "the World"; these notes set forth such allegations as "I own the DaVinci Document" and "I live in my house alone and I locked the door." ECF No. 1 at 3-5. Plaintiff's complaint was accompanied by an application to proceed *in forma pauperis* ("IFP"), which was referred to me for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 2. Based on my review of the IFP application, I find that Plaintiff has not provided sufficient information to satisfy the requirements of 28 U.S.C. § 1915(a)(1).[1] Because of the IFP application, the case is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). Based my review of the complaint, I recommend that the case be summarily dismissed.

**Standard of Review**

---

[1] To the extent that the Court does not adopt my recommendation and concludes that the pleading may survive screening, Plaintiff must be directed to provide additional information in support of the IFP application so that his eligibility for IFP status can be assessed.

Section 1915 of Title 28 requires a federal court to dismiss an action if the court determines that the action fails to state a claim, is frivolous, or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). To survive screening focused on whether the complaint states a claim, analogous to surviving a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The standard for dismissal of an action filed *in forma pauperis* based on the failure to state a claim is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). For example, if a party files a new complaint that replicates a supposed claim the courts have already dismissed for failure to state a claim, the new pleading may also be dismissed as frivolous. Clervrain v. Raimondo, C.A. No. 20-535WES, 2021 WL 149073, at *2 (D.R.I. Jan. 15, 2021), adopted sub nom. Clervrain v. McKee, 2021 WL 1531464 (D.R.I. Apr. 19, 2021).

**Discussion**

The Court is recommending that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim. In making this recommendation, the Court has taken all of the allegations in Plaintiff's complaint as true and has drawn all reasonable inferences in his favor. See Estelle v. Gamble, 429 U.S. 97, 99 (1976). In addition, the Court has liberally reviewed the content of Plaintiff's pleading since it has been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, even applying these

liberal standards of review to Plaintiff's complaint, dismissal is required because the handwritten notes on the complaint form are incoherent and the pleading entirely lacks any content that purports to state a claim by Plaintiff against any of the named defendants. Therefore, it fails to set forth any potentially viable cause of action and should be summarily dismissed.

**Conclusion**

Based on the foregoing, I recommend that the Court summarily dismiss the complaint for failure to state a claim and deny the IFP motion as moot. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 3, 2023